**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 22-318-DLB**

**EDNA K. NAPIER**                                                                                    **PLAINTIFF**


**v.**                                    **MEMORANDUM OPINION AND ORDER**


**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY**                                        **DEFENDANT**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.   The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefit in December 2019, alleging disability beginning on December 19, 2018, due to degenerative disc disease, osteoarthritis, bone spurs, leg pain, asthma, migraines, residual balance loss due to stroke, depression, anxiety, chest pain and cardiac abnormalities (Tr. 301-302).   This application was denied initially and on reconsideration.   Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Benjamin Burton (hereinafter "ALJ").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 15-37). Plaintiff was 59 years old at the date of alleged onset and 62 years old at the time of the hearing decision.   She has a GED (Tr. 52).   Her past relevant work experience consists of work as a cashier and certified nursing assistant (Tr. 302).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, osteoarthritis and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 18-23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 23-24).

The ALJ further found that Plaintiff could perform her past relevant work as a cashier (Tr. 36-37) and also determined that she has the residual functional capacity ("RFC") to perform light work with certain physical limitations (Tr. 24).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.      STANDARD OF REVIEW

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.   *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."   *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).   Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

3

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### III.   ANALYSIS

Plaintiff contends that the ALJ's finding of no disability is erroneous, arguing that he did not properly evaluate the functional impact of Plaintiff's mild mental limitations on her RFC to perform her past relevant work.[1] She contends that the ALJ did not explain why such limitations were not included in the RFC.

Non-severe impairments do not necessarily cause functional limitations.  SSR 96-8p, 1996 WL 374184, at *5. A non-severe impairment, by definition, is one that that "does not" have more than a "minimal" impact on the "claimant's ability to work."  *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir. 1988). Even so, it may" contribute to a claimant's functional limitations when considered "in combination" with other impairments. SSR 96-8p, 1996 WL 374184, at *5. As such, an ALJ must not only consider the impact of any non-severe impairments when assessing a claimant's RFC, but must also explain how any  non-severe mental  impairments affected  the  claimant's  RFC. *See* 20  C.F.R.  § 404.1545(a)(2). However, that explanation need not be explicit. An ALJ need not cabin

---

1 Although Plaintiff devotes a portion of her brief to the ALJ's finding that her mental impairments are non-severe, she does not appear to suggest that this warrants remand. This is in keeping with well-established Sixth Circuit precedent that where the ALJ finds the presence of a severe impairment at Step 2 and proceeds through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *Kirkland v. Comm'r of Soc. Sec.,* 528 F.App'x. 425, 427 (6th Cir. 2013). Remand is required only when an ALJ, after omitting an impairment at Step 2, fails to consider it at a later step. *Nejat v. Comm'r of Soc. Sec.*, 359 F.App'x. 574, 577 (6th Cir. 2009). As set forth *infra*, in this case, the ALJ found severe impairment at Step 2 and went on to consider all Plaintiff's impairments, including her mental limitations, at Step 4. A such, the Court finds no error at Step 2 of the sequential analysis.

his RFC analysis to the portion of the decision formally labelled as the RFC assessment. Other sections of a written decision can tacitly explain why an ALJ's RFC finding did not account for a claimant's non-severe impairments. *See Bledsoe v. Barnhart*, 165 F. App'x. 408, 411 (6th Cir. 2006). Although an ALJ must consider all non-severe mental impairments at Steps 4 and 5, an ALJ who thoroughly discusses a non-severe impairment at Step 2 need not "expressly revisit" that impairment later in the written decision. *Lennon v. Comm'r of Soc. Sec.*, 2023 WL 2733382, at *5 (E.D. Mich. 2023). While it may be preferable for the ALJ to explicitly discuss why each non-severe impairment failed to translate into functional limitations, the issue is simply whether a reviewing Court can follow the ALJ's rationale and meaningfully review the decision. *See Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3–4 (6th Cir. 1999).

In this case, the ALJ not only discussed Plaintiff's mental limitations at Step 2, he went on to cite to them at Step 4. He specifically referenced two psychological evaluations as well Plaintiff's daily activities and concluded that neither supported a finding that Plaintiff is more limited than reflected in the RFC. (Tr. 24).   In addition, he explicitly stated that that his RFC was based upon "all symptoms". (Tr. 24).   This is sufficient.   The ALJ's decision does not leave this Court to speculate as to why he did not find that Plaintiff's mild mental limitations caused functional limitations.

The Court notes error may be found in cases in which an ALJ makes **no** mention of an impairment in the RFC analysis. *See Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *5-7 (E.D. Mich. Feb. 27, 2015); *Biehl v. Comm'r of Soc. Sec.*, No. 14-10293, 2015 WL 736366, at *21 (E.D. Mich. Feb. 20, 2015). Such is not the

5

case here.

Moreover, the fact that Plaintiff does not agree with the ALJ's decision is not enough to warrant a reversal. While Plaintiff may disagree with ALJ, the relevant question is whether the ALJ's RFC assessment, a matter on which Plaintiff bears the burden, is supported by substantial evidence. *See Benton v. Comm'r of Soc. Sec.*, 2019 WL 14166867, *7 (W.D. Mich. 2019).

Finally, Plaintiff does not state what additional functional limitations the ALJ should have assessed to accommodate for her mental limitations. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that the plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments through step four of the sequential evaluation process); *see also, Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Plaintiff has not met her burden here.

## IV.    CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. # 11) be **DENIED**, and the Defendant's Motion for Summary Judgment (Doc. # 15) be **GRANTED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of March 2024.



Signed By:

_David L. Bunning_

United States District Judge

6